ORIGINAL    FILED

1

2006 SEP 27 PM 1:24

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

- - -

THE HONORABLE CHRISTINA A. SNYDER, JUDGE PRESIDING

UNITED STATES OF AMERICA,
            Plaintiff,
    vs.                                CR-02-3-CAS-1
KHALIL MOHAMMED, et al.,
            Defendants.

------------------------------

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

March 23, 2005


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   DEBRA W. YANG
     United States Attorney
 4   STEVEN D. CLYMER
     Special Assistant United States Attorney
 5   Chief, Criminal Division
     MICHAEL J. STERN
 6   Assistant United States Attorneys
     312 North Spring Street
 7   Los Angeles, CA  90012

 8   For Defendant SAID ABDELAZIZ:

 9   DAVID J.P. KALOYANIDES
     DAVID J.P. KALOYANIDES LAW OFFICES
10   One Wilshire Building
     624 South Grand Avenue, Suite 2200
11   Los Angeles, CA  90017-3323

12   For Defendant RASHEED AZIZ:

13   GEORGE BUEHLER

14   ALSO PRESENT:

15   Arabic Interpreter

16

17

18

19

20

21

22

23

24

25
```

```
 1  LOS ANGELES, CALIFORNIA; MARCH 23, 2005; P.M. SESSION
 2          THE COURT:  Calling Case No. CR-02-3-CAS,
 3  United States of America versus Rasheed Aziz, et al.
 4          Counsel, please state your appearances.
 5          MR. STERN:  Good afternoon, Your Honor.  Michael
 6  Stern appearing on behalf of the United States.
 7          MR. KALOYANIDES:  Good afternoon, Your Honor.
 8  David Kaloyanides for Mr. Said Abdelaziz who is present in
 9  court.
10          MR. BUEHLER:  George Buehler for Rasheed Aziz who
11  is present in court.
12          THE COURT:  Good afternoon.
13          Well, let's see where are we in relationship to
14  yesterday's request.
15          MR. STERN:  With respect to yesterday's request,
16  last night and this morning we went through and picked out
17  the testimony.  Frankly, it's not that much.  I think we are
18  happily surprised.  Around 7:30 or 8:00, I gave to your
19  court reporter some of the testimony, and I think she was
20  willing to begin separating it out as she did before.
21  Defense counsel and I have not yet had an opportunity to
22  confer on it.  It's fairly discrete.  There just isn't that
23  much.
24          THE COURT:  Where do we stand?
25          COURT REPORTER ELIAS:  I have the corrections, and
```

```
 1   I think I will probably be done with that in an hour.
 2           THE COURT:  Well, my thought is you should probably
 3   meet and confer.
 4           MR. STERN:  If we can have maybe 10 to 15 minutes,
 5   we would like to identify any issues we have.  I don't think
 6   there is going to be any substantive -- maybe one issue that
 7   the Court can look at in less than a minute and decide, so
 8   it would be relatively quick.
 9           THE COURT:  Well, my thought would be to do this,
10   have readback somewhere near the end of the day if you can't
11   resolve it now.  If you can resolve it now, I would be happy
12   to have the readback before the other jury comes back
13   assuming our jury gets back from lunch.
14           MR. STERN:  I think your court reporter will need
15   an hour to finish.
16           THE COURT:  I think we will have to do it this
17   afternoon probably around 4:30.
18           MR. STERN:  Is there any chance that Judge
19   Chapman --
20           THE COURT:  She can't do it today.  She could do it
21   tomorrow.
22           MR. STERN:  I think it's problematic to have a jury
23   who is deliberating wait four or five hours.
24           THE COURT:  I understand.
25           How long is this going to take to read?
```

```
 1         COURT REPORTER ELIAS:  Maybe an hour.  I would say
 2  about the same as last time.
 3         THE COURT:  We have told them it may take some
 4  time.  We can't have other people -- you have to be fair to
 5  all the jurors.  They take on a special life because they
 6  are not a criminal jury.
 7         MR. STERN:  Might there be a different
 8  magistrate --
 9         THE COURT:  Most magistrates think it's
10  inappropriate to do it.  It's not under the general orders.
11  It's really something that's done as a personal favor.  I am
12  happy to call and see, but I think she indicated this is a
13  very difficult day for her because she is in an all-day
14  session.  If for some reason its terminated earlier, then I
15  will ask her to do it.
16         Keep in mind, Mr. Stern, I did tell the jury in the
17  note I sent up yesterday it was going to take us some time.
18  It was either going to be late today or early Thursday.  I
19  don't know that they are sitting around thinking that we are
20  slow on this.  If it takes Ms. Elias an hour from now -- let
21  me assume she has it 2:00.  You people meet.  If judge
22  Chapman can't do it, we are probably only losing an hour's
23  time.
24         MR. STERN:  I understand.  I know that a lot of
25  times when the jury has been giving us notes it's taken four
```

```
1   or five hours.  I am concerned about that.
2           THE COURT:  I know.  We are doing our best.  Let's
3   plan 4:30 -- let's come back at 4:00.  Hopefully, you will
4   have resolved all the issues.
5           MR. STERN:  That's fine.  Thank you.
6                   (Proceedings were adjourned.)
7                              -oOo-
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

-oOo-

CERTIFICATE

    I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   September 22, 2006

                             Sharon A. Seffens      9/22/06
                          _____
                          SHARON A. SEFFENS, U.S. COURT REPORTER